UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KIMBERLY ELIZABETH MIX,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>LELAND DUDEK,[1]<br>Acting Commissioner of the Social<br>Security Administration,<br><br>　　　　　　　　　Defendant. | Case No. 3:24-cv-00387-CLB<br><br>**ORDER GRANTING MOTION FOR REMAND**<br><br>[ECF No. 12] |

      This case involves the judicial review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Kimberly Elizabeth Mix's ("Mix") application for disability insurance benefits pursuant to Title II of the Social Security Act. Currently pending before the Court is Mix's motion for reversal and/or remand. (ECF No. 12.) The Commissioner filed a response, (ECF No. 15), and Mix replied, (ECF No. 16). Having reviewed the pleadings, transcripts, and the Administrative Record ("AR"), (ECF No. 11), the Court grants Mix's motion for remand, (ECF No. 12).

**I.      STANDARDS OF REVIEW**

     **A.      Judicial Standard of Review**

      This Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which

---

[1]    Leland Dudek is now the Acting Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Court must affirm an Administrative Law Judge's ("ALJ") determination if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see also* 42 U.S.C. § 405(g) ("findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (internal quotation marks and citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005).

To determine whether substantial evidence exists, the Court must look at the administrative record as a whole, weighing both the evidence that supports and undermines the ALJ's decision. *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995) (citation omitted). Under the substantial evidence test, a court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "However, if evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Orteza,* 50 F.3d at 749 (citation omitted). The ALJ alone is responsible for determining credibility and for resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if substantial evidence supports the Commissioner's decision. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990). The ALJ's findings should be as comprehensive and analytical as feasible and,

where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See id.*

### B.     Standards Applicable to Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of their claim for disability. *See* 20 C.F.R. § 404.1514. If the individual establishes an inability to perform their prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998).

The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities, usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits the individual from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921; Social Security Rulings ("SSRs") 85-28 and 96-3p. If the individual does not have

a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meets or equals the criteria of a listing and meets the duration requirement (20 C.F.R. §§ 404.1509, 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h), 416.920(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Prior to considering step four, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p, 96-7p. To the extent that objective medical evidence does not substantiate statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

After making the RFC determination, the ALJ must then turn to step four to determine whether the individual has the RFC to perform their past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). Past relevant work means work performed either as the

individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the individual has the RFC to perform their past work, then a finding of not disabled is made. If the individual is unable to perform any past relevant work or does not have any past relevant work, then the analysis proceeds to the fifth and final step.

The fifth and final step requires the ALJ to determine whether the individual can do any other work considering their RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g). If the individual can do other work, then a finding of not disabled is made. Although the individual generally continues to bear the burden of proving disability at this step, a limited evidentiary burden shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin*., 616 F.3d 1068, 1071 (9th Cir. 2010).

## II.     CASE BACKGROUND

### A.     Procedural History

Mix applied for disability insurance benefits ("DIB") on March 23, 2022, with an alleged disability onset date of March 1, 2019. (AR 17, 211.) Mix's application was denied initially on July 20, 2022, and again upon reconsideration on June 20, 2023. (AR 17, 66, 76.) Mix subsequently requested an administrative hearing and on January 23, 2024, Mix and her attorney appeared at a telephonic hearing before an ALJ. (AR 17, 43-65.) A vocational expert ("VE") also appeared at the hearing via telephone. (*Id.*) The ALJ issued a written decision on April 21, 2024, finding that Mix was not disabled. (AR 14-42.) Mix appealed, and the Appeals Council denied review. (AR 1-6.) Accordingly, the ALJ's decision became the final decision of the Commissioner.

Having exhausted all administrative remedies, Mix filed a complaint for judicial review on August 28, 2024. (*See* ECF No. 1-1.) On October 28, 2024, the Commissioner

filed the Certified Administrative Record. (ECF No. 11.) On December 26, 2024, Mix filed a Motion to Remand and/or Reverse. (ECF No. 12.) On January 27, 2025, the Commissioner replied. (ECF No. 15.) On February 14, 2025, Mix replied. (ECF No. 16.)

### B.     ALJ's Decision

In the written decision, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. (AR 14-42.) Ultimately, the ALJ found Mix had multiple severe impairments and could not perform any past relevant work but that based on the ALJ's RFC assessment, Mix could perform other work that existed in significant numbers in the national economy. (*Id.*) Thus, the ALJ found Mix had not been under a disability as defined in the Social Security Act from the alleged onset date, March 1, 2019, through the date of the decision. (*Id.*)

In making this determination, the ALJ started at step one. Here, the ALJ found Mix had not engaged in substantial gainful activity since the date of the current application, March 23, 2022. (AR 19.) At step two, the ALJ found Mix had the following severe impairments: attention deficit disorder or attention deficit hyperactivity disorder, bipolar disorder, anxiety, and schizoaffective disorder/manic type. (AR 20-21.) The ALJ found that Mix's "medically determinable impairments [that] significantly limit the ability to perform basic work activities." (AR 20.) The ALJ also found Mix had "non-severe physical impairments that have no more than a minimal effect on her ability to perform basic work activities." (AR 21.)

At step three, the ALJ found Mix did not have an impairment or combination of impairments that either met or medically equaled the severity of those impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix. 1; 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. (AR 21-23.) The ALJ did find that claimant had "moderate limitations" in "understanding, remembering, or applying information," "interacting with others," and "concentrating, persisting, or maintaining pace," and a "mild limitation" in "adapting or managing oneself." (AR 21-23.)

Next, at step four, the ALJ determined the following RFC for Mix:

> [A] full range of work at all exertional levels but with the following non-exertional limitations: simple tasks; will be off task 3-5% of the workday; occasional public and coworker interaction with no tandem tasks and no transactional interactions; occasional supervisory interaction; and occasional changes in the work setting.

(AR 23.) The ALJ found that Mix's medically determinable impairments could reasonably be expected to cause some of the symptoms alleged. (AR 27.) However, the ALJ also found Mix's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical opinions and other evidence in the record. (AR 25-37) In reaching this conclusion, the ALJ reviewed and discussed the objective medical evidence, medical opinions, and other evidence in the record. (*Id.*) ALJ found Mix's subjective limitations to be unreliable, particularly noting that Mix made inconsistent statements about important facts and sometimes was inconsistent with the doctors and clinicians. (AR 32.) The ALJ acknowledged that Mix had no past relevant work and moved to step five of the analysis. (AR 35.)

At step five, relying on the testimony of the VE, the ALJ determined that based on Mix's age, education, work experience, and RFC, Mix would not be able to perform her past relevant work but found that there are other jobs that in exist in significant numbers in the national economy that Mix could perform. (AR 35-36.) Relying on the testimony of the VE and the foregoing analysis, Mix would be able to perform work as a hospital cleaner and a hand packer. (AR 36.) Accordingly, the ALJ found Mix had not been under a disability since the date of the pending application, March 23, 2022, through the date of the decision, and denied Mix's claim. (AR 36-37.)

**III.    ISSUE**

Mix seeks judicial review of the Commissioner's final decision denying DIB under Title II of the Social Security Act. (ECF No. 12.) Mix raises one issue for this Court's review: whether substantial evidence supports the ALJ's RFC determination. (*Id.*)

///

///

## IV. DISCUSSION

Mix argues the ALJ's RFC determination lacks the support of substantial evidence. (ECF No. 12 at 7-15.) Specifically, Mix challenges the ALJ's finding that Mix would be off-task approximately three to five percent of the workday. (*Id.*) According to Mix, the ALJ erred because the specific limitation that should be off task three to five percent of the workday "is unsupported" and that the limitation is "based on nothing more than [the ALJ's] lay opinion." (*Id.* at 7-8.) Mix argues remand is appropriate because the "ALJ fail[ed] to build the logical bridge" and "show her work" between the off-task percentage and the medical evidence. (ECF No. 16 at 5.) The Commissioner argues the ALJ did not error because the ALJ viewed the entire record and the ALJ's decision does not mandate remand even though no medical opinion or record justified the exact off-task percentage. (ECF No. 15 at 3.)

The Court agrees with Mix and finds the ALJ erred in its RFC finding. While the ALJ discussed in length Mix's subjective limitations and why they should be rejected, the Court cannot reconcile the ALJ's ultimate RFC finding when reviewing the record as a whole. At step two, the ALJ determined Mix suffers from multiple severe impairments, including attention deficit disorder or attention deficit hyperactivity disorder; bipolar disorder; anxiety; and schizoaffective disorder/manic type. (AR 21.) Thereafter, the ALJ found these severe impairments to arise moderate and mild limitations at step three. (AR 21.) However, at step four, the ALJ found that Mix's appropriate limitation for simple tasks was only three to five percent of the workday. (AR 23.) In reviewing the record, the Court cannot determine how the ALJ determined "3-5%" off-task was the appropriate limitation. (AR 23.) At the January 23, 2024 hearing, the ALJ posed a hypothetical to the vocational expert when asking what jobs Mix could do with a three to five percent limitation. (AR 62.) That same limitation appeared in the ALJ's decision but without a single reference to anything in the record as to how the ALJ came to "3-5%" limitation. The ALJ cites no medical opinion or recognized authority that provides basis for this limitation. "While the ALJ 'can pick and choose between opinions expressed by the experts,' when an ALJ decides severity or

residual functional capacity 'without the support of any of the medical opinion evidence,' this is error." *See Walker v. Comm'r of Soc. Sec.*, No. 2:22-cv-1871-EJY, 2024 WL 64784, at *6 (D. Nev. Jan. 4, 2024) (quoting *Holtan v. Kijakazi*, No. 2:22-cv-01222-VCF, 2023 WL 2424648, at *3 (D. Nev. Mar. 9, 2023)). The ALJ's decision here was not "comprehensive and analytical as feasible" such that the Court could determine the basis of the off-task limitations within her RFC assessment. *See Gonzales*, 914 F.2d at 1200; s*ee also Lovato v. Berryhill*, No. 6:16-cv-00046-JR, 2017 WL 2371096, at *6 (D. Or. May 9, 2017) ("Based on this record, the Court is unable to discern what substantial evidence supported the ALJ's conclusion that plaintiff would be off task 9% of the time, beyond the VE's testimony that a larger percentage would necessitate a finding of disability."); *Oliverson v. Berryhill*, No. 2:16-cv-01538-KLS, 2017 WL 1381814, at *11 (W.D. Wash. Apr. 17, 2017) ("The Court also agrees with plaintiff that the ALJ failed to point to any evidence in the record — or offer any explanation — to support the limitation of being off task for up to 9% of the time. Accordingly, the ALJ erred here as well.").

When the ALJ does not "explain the evidentiary basis" for an aspect of their RFC assessment, remand is appropriate. *Leitz v. Kijakazi*, No. 22-35356, 2023 WL 4342114, at *2 (9th Cir. Jul. 5, 2023). The court "cannot substitute [its] conclusions for the ALJ's, or speculate as to the grounds for the ALJ's conclusions." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991)). The ALJ's failure to "build an accurate and logical bridge" from the record to her RFC assessment, and failure to "provide sufficient reasoning" precludes the Court from conducting meaningful review. *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020).

In this case, the Court cannot find the logical bridge between a finding of multiple severe impairments from step two that create moderate and mild limitations at step three of the analysis to an RFC assessment at step four that have virtually no limitations. The ALJ herself notes that the "above medically determinable impairments significantly limit the ability to perform basic work activities." (AR 20.) The ALJ also states that the "claimant has also been diagnosed with schizophrenic spectrum disorder and other psychotic

9

disorders, but the longitudinal record does not substantially support that diagnosis." (AR 21.) It is unclear how the ALJ concluded that Mix's diagnosed mental disorders—which several medical practitioners found would cause moderate limitations—were severe impairments but also found that the record did not support the diagnoses. *See Vaughn v. Berryhill*, 242 F. Supp. 3d 998, 1008 (E.D. Cal. 2017) ("[A]n ALJ is not allowed to use his own medical judgment in lieu of that of a medical expert.").

The Court acknowledges the ALJ's concerns regarding the reliability of Mix's subjective limitations and the medical opinions within the record. On remand, the ALJ should explain her RFC assessment more thoroughly as to the off-task percentage and establish the logical bridge between the severe impairments she found at step two and the moderate limitations at step three to the limitations implements into the RFC at step four. *See Lambert*, 980 F.3d at 1277. The ALJ should reconcile the moderate or significant limitations she finds that result from Mix's severe impairments with her ultimate RFC assessment. The ALJ should also reconsider the entire record in light of this Court's and the Ninth Circuit's precedent regarding claimants with disorders as what Mix has been allegedly diagnosed with:

> [E]ven if Plaintiff experienced fair or relatively good mental health in between periods of decompensation, as a matter of logic, this does not mean that she will not continue to experience prolonged periods of decompensation (even if she takes her medication). Her medical providers continued to note the presence of anxiety or depression and continued to diagnose her with bipolar disorder or schizoaffective disorder as they observed Plaintiff's improvement in terms of having a "good" or "ok" mood, an appropriate affect, and appropriate thought process or content. As the Ninth Circuit has held, "[g]iven the episodic nature of bipolar disorder, short-lived improvements in functioning are consistent with the diagnosis and cannot, by themselves, constitute substantial evidence to override treating source opinions that [a plaintiff] was significantly impaired." *Buck v. Colvin*, 540 F. App'x 772, 773 (9th Cir. 2023). As such, the Ninth Circuit has also held that a Commissioner can "erroneously" over-rely on "indications in the medical record that [the plaintiff] was 'doing well,' because doing well for the purposes of a treatment program has no necessary relation to a [plaintiff's] ability to work or to her work-related functional capacity." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014).

*Kiphart v. Berryhill*, No. 2:18-cv-02217-BNW, 2020 WL 1133254, at *17 (D. Nev. Mar. 6,

2020).

Because the Court finds error in the ALJ's RFC assessment, the Court agrees with that remand is appropriate for further proceedings. Additional proceedings may remedy the defects in the original administrative proceedings. *See Garrison*, 759 F.3d at 1011.

## V. CONCLUSION

Based on the foregoing, the Court grants Mix's motion to remand, (ECF No. 12).

Accordingly, **IT IS THEREFORE ORDERED** that Mix's motion for remand, (ECF No. 12), be **GRANTED**.

**IT IS FURTHER ORDERED** that this matter be **REMANDED** to the agency for further proceedings in accordance with this Order.

**IT IS SO ORDERED.**

**DATED**: March 26, 2025

_____
**UNITED STATES MAGISTRATE JUDGE**